NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0285n.06

No. 24-1718

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 09, 2025
KELLY L. STEPHENS, Clerk

DONALD ROY CLARK, )
)
Plaintiff-Appellant, )
)
) ON APPEAL FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE WESTERN
COMMISSIONER OF SOCIAL SECURITY, ) DISTRICT OF MICHIGAN
)
Defendant-Appellee. )
) OPINION
)

Before: WHITE, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Donald Clark sought disability benefits under the Social Security Act (SSA). The Commissioner of Social Security determined that Clark was not disabled and denied benefits. The district court affirmed that decision. Clark now appeals. We AFFIRM.

I.

In 2019, Donald Clark applied for disability insurance benefits. He alleged that he became disabled in October 2018 because of various infirmities, including complex regional pain syndrome, lumbar degenerative disc disease, thoracic degenerative disc disease, sleep apnea, and depression. Many of these problems allegedly stemmed from a 2006 work accident in a warehouse, in which a 4,000-pound steel tube fell on him and broke his leg and ankle. Two years after the accident, Clark returned to work, but as an inside salesman. He stayed in that position successfully until 2018. In 2018, Clark was promoted to warehouse foreman. That position required Clark to be on his feet for most of the workday, which made his symptoms worse. He

stopped working as warehouse foreman in October 2018, and later filed the instant claim for disability benefits.

An ALJ denied Clark disability benefits. The ALJ considered the evidence from Clark's treating physicians—Dr. Berland and Dr. Brummett. He also considered the opinions of other non-treating physicians. The ALJ determined that Clark was not disabled from the October 2018 alleged disability onset through the August 2022 decision. He concluded that Clark's impairments were not per se disabling and that Clark retained the residual functional capacity to perform a range of light work that involved standing and walking up to four hours per day. This meant that Clark could perform his previous job of sales representative, which he had performed for ten years after the injury, or other similar work.

A magistrate judge recommended affirming the ALJ's decision. Over Clark's objections, the district court agreed and granted judgment in favor of the Commissioner. Clark now appeals.

II.

We review de novo a district court's decision in a Social Security case. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record, we must affirm the Commissioner's conclusions." *Id.* (citing 42 U.S.C. § 405(g)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Id.* (citation omitted).

To be entitled to benefits under the SSA, a person must have a "disability," which means that he is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner follows a five-step process for evaluating disability. 20 C.F.R. § 404.1520(a)(4). At step one, the claimant must not be engaging in substantial gainful activity; if he is, he is not disabled. *Id.* § 404.1520(a)(4)(i). At step two, the claimant must establish a medically determinable impairment that is severe. *Id.* § 404.1520(a)(4)(ii). At step three, the Commissioner considers whether the claimant's impairment or combination of impairments is severe enough to meet or equal criteria of an impairment as understood by regulations. *Id.* § 404.1520(a)(4)(iii). At step four, the Commissioner must decide whether the claimant has the residual functional capacity to perform the requirements of past relevant work; if a claimant "can still do" his past relevant work, he is "not disabled." *Id.* § 404.1520(a)(4)(iv). And finally, the Commissioner asks whether the claimant can do any other work considering his residual functional capacity, education, work experience, and age. *Id.* § 404.1520(a)(4)(v). "The claimant bears the burden of proof through step four; at step five, the burden shifts to the Commissioner." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009).

Here, the ALJ's conclusions at steps four and five that Clark had the residual functional capacity to perform light work, such as his prior work as a salesman, are dispositive. The ALJ conducted a lengthy analysis of the record evidence. And while the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to perhaps cause the alleged symptoms," the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 7-2, ALJ Decision, PageID 41. The ALJ found the opinions of Clark's treating physicians only somewhat persuasive but found the opinions of the

state-agency medical consultants and other state-agency examiners persuasive. Based on those conclusions, the ALJ determined that Clark has the residual functional capacity to perform light work, including his prior work as a salesman. The ALJ explained that his conclusion was "supported by multiple records indicating that the claimant's pain was stable; diagnostic imaging of the claimant's spine showing mostly mild degeneration; the claimant's reported ability to go golfing, fishing, and even attempt deer hunting; the lack of objective evidence showing a deterioration of conditions, and the record evidence as a whole." *Id.* at 44. In the end, "[t]he medical evidence of record [did] not corroborate his complained of pain levels that would prevent him from performing a limited range of light work per the [residual functioning capacity]." *Id.* The record evidence identified by the ALJ supports this conclusion, and the district court therefore didn't err by affirming the ALJ's decision. *Emard*, 953 F.3d at 849.

Clark challenges this conclusion in a few regards, though his briefing is often difficult to decipher. His opening brief appears to mount a challenge to the validity of 20 C.F.R. § 404.1520c. That provision, governing disability claims on or after March 27, 2017 (such as Clark's), describes how the agency considers the medical opinions and prior administrative medical findings since the agency no longer defers to the opinions of the treating source. *See* 20 C.F.R. § 404.1520c(a) (On or after March 27, 2017, the agency "will not defer or give any specific evidentiary weight, including controlling weight to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."). But in his reply brief, Clark eschews any such challenge. *See* Reply Br. at 3 ("In response to Defendant's Brief, Plaintiff-Appellant Clark would note that the regulation at issue is valid pursuant to 42 U.S.C. 405(a).").

Instead, Clark's reply brief says that the ALJ failed to properly apply the regulations because he didn't sufficiently explain why he chose to credit the primary administrative medical

opinion over the opinions of the treating source.  But the ALJ did just that.  He explained that the opinion of Dr. Brummett was only partially persuasive because "the finding that the claimant [was] unable to go work a job is a finding on the ultimate issue of disability, an issue that is reserved to the Commissioner."  R. 7-2, ALJ Decision, PageID 43.  And while the ALJ found the opinion of Dr. Berland "somewhat persuasive," he found the evidence "somewhat vague" as to how long Clark "could be expected to stand during an eight-hour period."  *Id.*  Despite this vagueness, "Dr. Berland's point that the claimant has some limitations with standing and/or walking is consistent with the medical evidence of record."  *Id.*  So we disagree with Clark's claim that the ALJ failed to explain his concerns with the opinions of the treating physicians.  The ALJ provided sufficient reasons for his decision.

Clark also faults the ALJ for not analyzing his claim under social security regulation SSR 03-2p, which he says is "required for cases involving" complex regional pain syndrome.  Appellant Br. at 37.  But the district court found that Clark had waived any argument regarding that regulation because he failed to present it to the magistrate judge.  On appeal, Clark doesn't explain why the district court's waiver decision was wrong.  As a result, we will not consider it.  *See Castellon-Vogel v. Int'l Paper Co.*, 829 F. App'x 100, 102 (6th Cir. 2020).

Substantial evidence supports the ALJ's decision.  So we must affirm the district court's judgment.

\* \* \*

We AFFIRM.